IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SECURE MATRIX LLC, | |
| Plaintiff, | Civil Action No: 1:25-cv-01530-CFC |
| v. | JURY TRIAL DEMANDED |
| DRESS BARN OMNI, INC., | |
| Defendant. | |

### DEFENDANT DRESS BARN OMNI, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO SECURE MATRIX LLC'S COMPLAINT

1. Defendant Dress Barn Omni, Inc. ("Defendant") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Secure Matrix LLC's Complaint for Patent Infringement. Defendant denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

**PARTIES**

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies all such allegations.

---

[1] For avoidance of doubt, Defendant denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

3. Defendant admits that it is a corporation organized and existing under the laws of Delaware with an established place of business at 1733 Park Street, Suite 160, Naperville, IL 60563.

## JURISDICTION

4. Defendant admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

5. Defendant admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Defendant does not contest whether personal jurisdiction over it properly lies in this District in this case. Defendant denies it has committed or is committing acts of infringement within this District or elsewhere and, on that basis, denies the remaining allegations of Paragraph 6 of the Complaint.

## VENUE

7. Defendant does not contest that venue is proper in this District in this case or that Defendant has an established place of business in this District. Defendant denies it has committed or is committing acts of infringement within this District or elsewhere and, on that basis, denies the remaining allegations of Paragraph 7 of the Complaint.

## PATENT-IN-SUIT

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, on that basis, denies all such allegations.

## THE '116 PATENT

9. Defendant admits that the purported copy of U.S. Patent No. 8,677,116 (the "'116 Patent") that is attached to the Complaint as Exhibit 1 indicates that it was filed on August 9, 2013, issued on March 18, 2014, and is entitled "Systems and methods for authentication and verification."

## COUNT 1: [ALLEGED] INFRINGEMENT OF THE '116 PATENT

10. Defendant incorporates by reference each of its responses set forth in Paragraphs 1-9 above as if fully set forth herein.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

## [PLAINTIFF'S] JURY DEMAND

19. Defendant is not required to provide a response to Plaintiff's request for trial by jury.

## [PLAINTIFF'S] PRAYER FOR RELIEF

Defendant denies the Plaintiff is entitled to any relief from Defendant and denies all the allegations contained in Paragraphs A-E of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Defendant's Affirmative Defenses are listed below. Defendant reserves the right to amend its Answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

Defendant has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '116 Patent.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '116 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including

without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the '116 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Defendant's actions allegedly infringe the claims of the '116 Patent, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant received actual notice that it was allegedly infringing the claims of the '116 Patent.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Defendant indirectly infringes, either by contributory infringement or inducement of infringement, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant knew that its actions would allegedly cause indirect infringement.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the '116 Patent against Defendant is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

The claims of the '116 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Defendant.

## DRESS BARN OMNI, INC.'S COUNTERCLAIMS

For its counterclaims against Plaintiff Secure Matrix LLC, Counterclaim Plaintiff Dress Barn Omni, Inc. ("Counterclaim Plaintiff") alleges as follows:

### PARTIES

1. Counterclaim Plaintiff is a corporation organized and existing under the laws of Delaware with an established place of business at 1733 Park Street, Suite 160, Naperville, IL 60563.

2. Upon information and belief based solely on Paragraph 2 of the Complaint as pled by Plaintiff, Counterclaim Defendant Secure Matrix, is a limited liability company organized and existing under the laws of Delaware that maintains its principal place of business at 261 West 35th Street, Suite 1003, New York, NY 10001.

### JURISDICTION

3. Counterclaim Plaintiff incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Secure Matrix has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on Secure Matrix's filing of this action, venue is proper for purposes of these counterclaims, in this District pursuant at least 28 U.S.C. § 1391.

## COUNT I

### DECLARATION REGARDING NON-INFRINGEMENT

7. Counterclaim Plaintiff incorporates by reference Paragraphs 1–6 above.

8. Based on Secure Matrix's filing of this action and at least Counterclaim Plaintiff's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether Counterclaim Plaintiff infringes the '116 Patent.

9. Counterclaim Plaintiff does not infringe the claims of the '116 Patent because, *inter alia*, the accused system does not "receive a first signal from the computer providing the secured capability, the first signal comprising a reusable identifier corresponding to the secured capability, the reusable identifier assigned for use by the secured capability for a finite period of time," "receive a second signal from an electronic device being used by the user, the second signal comprising a copy of the reusable identifier and user verification information," and/or "evaluate, based at least on the first signal and the second signal, whether the user is authorized to conduct the at least one interaction with the secured capability" as required by asserted claim 1.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaim Plaintiff requests a declaration by the Court that Counterclaim Plaintiff has not infringed and does not infringe any claim of the '116 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II

### DECLARATION REGARDING INVALIDITY

11. Counterclaim Plaintiff incorporates by reference Paragraphs 1–10 above.

12. Based on Secure Matrix's filing of this action and at least Counterclaim Plaintiff's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '116 Patent.

13. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaim Plaintiff requests a declaration by the Court that the claims of the '116 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiff asks this Court to enter judgment in Counterclaim Plaintiff's favor and against Secure Matrix by granting the following relief:

      a)      a declaration that the claims of the '116 Patent are invalid;

      b)      a declaration that Counterclaim Plaintiff does not infringe, under any theory, any valid claim of the '116 Patent that may be enforceable;

      c)      a declaration that Secure Matrix take nothing by its Complaint;

      d)      judgment against Secure Matrix and in favor of Counterclaim Plaintiff;

      e)      dismissal of the Complaint with prejudice;

      f)      a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Counterclaim Plaintiff of its costs and attorneys' fees incurred in this action; and

      g)      further relief as the Court may deem just and proper.

## **JURY DEMAND**

Counterclaim Plaintiff hereby demands trial by jury on all issues.

Dated: January 15, 2026

FISH & RICHARDSON P.C.

By: */s/ Grayson P. Sundermeir*
    Grayson P. Sundermeir (#6517)
    222 Delaware Ave., Suite 1700
    Wilmington, DE 19801
    (302) 652-5070 (Telephone)
    sundermeir@fr.com

    Neil J. McNabnay (*pro hac vice* forthcoming)
    Lance E. Wyatt (*pro hac vice* forthcoming)
    1717 Main Street, Suite 5000
    Dallas, TX 75201
    (214) 747-5070 (Telephone)
    mcnabnay@fr.com
    wyatt@fr.com

**COUNSEL FOR DEFENDANT
DRESS BARN OMNI, INC.**